Frank Cowden, Sr., and Gladys Cowden, et al. [1] v. Commissioner. Cowden v. Commissioner
Docket Nos. 59237-59239, 59326, 60001.
United States Tax Court
T.C. Memo 1961-229; 1961 Tax Ct. Memo LEXIS 120; 20 T.C.M. (CCH) 1134; T.C.M. (RIA) 61229; 14 Oil & Gas Rep. 675; August 15, 1961
*120 Fair market value in 1951 of the obligation of lessee under a mineral lease to make bonus payments in 1952 and 1953 determined pursuant to mandate. Richard S. Brooks, Esq., First National Bank Bldg., Midland, Tex., for the petitioners. Roy E. Graham, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The Commissioner determined deficiencies in the income tax of petitioners as follows: Amount
Taxpayer
1951
1952
Frank, Sr., and Gladys
Cowden
$126,624.97
$52,307.20
Frank, Jr., and June
Cowden
24,060.05
5,907.12
Courtney Cowden
32,971.07
Courtney and Margaret
Cowden
5,949.56
Elizabeth Ann Cowden
Walter
27,279.82
8,296.66
After hearing the issues raised by the pleadings filed herein this Court on June 30, 1959, filed its findings of fact and opinion with respect thereto and on the 4th day of November 1959 rendered its decisions in favor of the respondent and against the petitioners. . Petitioners appealed this Court's decisions to the Court of Appeals for the Fifth Circuit, which court, on April 12, 1961, rendered its opinion, , *121 and on May 22, 1961, issued its mandate reversing in part this Court's decisions. Accordingly the cases are now before us under the mandate. The issue whereon the decisions of this Court were reversed was whether agreements between petitioners and Stanolind Oil and Gas Company, executed in 1951, providing for the payment in two yearly installments by the latter to the former and their children of certain oil bonuses to be paid in consideration of the leasing by petitioners of oil lands to Stanolind constituted the payment to and receipt by petitioners in 1951 of the equivalent of cash and therefore income to the extent of the fair market value, if any, of said bonus agreements. In its opinion the Court of Appeals for the Fifth Circuit in so reversing this Court stated, in part, as follows: The Tax Court stressed in its findings that the provisions for deferring a part of the bonus were made solely at the request of and for the benefit of the taxpayers, and that the lessee was willing and able to make the bonus payments in cash upon execution of the agreements. It appears to us that the Tax Court, in reaching its decision that the taxpayers had received equivalent of cash bonuses *122 in the year the leases were executed, gave as much and probably more weight to those findings than to the other facts found by it. We are persuaded of this not only by the language of its opinion but because, in its determination of the cash equivalent, it used the amounts which it determined the taxpayers could have received if they had made a different contract, rather than the fair market value cash equivalent [8] of the obligation for which the taxpayers had bargained in the contracts which they had a lawful right to make. We are unable to say whether or not the Tax Court, if it disregarded, as we think it should have done, the facts as it found them as to the willingness of the lessee to pay and the unwillingness of the taxpayers to receive the full bonus on execution of the leases, would have determined that the deferred bonus obligations were taxable in the year of the agreements as the equivalent of cash. * * * In discussing the cash equivalent doctrine elsewhere in its opinion the Court of Appeals for the Fifth Circuit stated as follows: We are convinced that if a promise to pay of *123 a solvent obligor is unconditional and assignable, not subject to set-offs, and is of a kind that is frequently transferred to lenders or investors at a discount not substantially greater than the generally prevailing premium for the use of money, such promise is the equivalent of cash and taxable in like manner as cash would have been taxable had it been received by the taxpayer rather than the obligation. * * * In discussing our findings of fact the appellate court stated: These findings are, in some respects, challenged by the taxpayers as being unsupported by the evidence. Our review of the record has led us to the conclusion that the findings of fact made by the Tax Court are sustained by substantial evidence. * * * Our findings thus sustained were, in part, as follows: The bank [First National Bank of Midland] had, over several years, acquired a number of other such obligations [oil bonus agreements] in like manner. * * * Pursuant to the opinion and mandate of the Court of Appeals for the Fifth Circuit filed herein we make the following ultimate finding: The obligations of Stanolind for the payment of the bonus payable in 1952 and 1953 were those of a solvent *124 obligor; they were payable in any event and unconditionally; they were assignable and in fact were assigned by petitioners during 1951 and 1952, respectively; they were of a kind which, upon the record herein, began to become frequently transferred at least to the banking institution to which they were assigned at a discount which is not shown by petitioners to be greater than the generally prevailing premium for the use of the money; and they were readily and immediately convertible to cash in 1951 in at least the amounts determined by respondent to be their fair market value. Except as modified by the foregoing finding, the facts as found in our original findings are here adopted and by reference made a part hereof. In the light of the opinion of the Court of Appeals for the Fifth Circuit filed herein it follows that, without reference to the willingness and desire of Stanolind to pay the bonus payments in their entirety in a lump sum in 1951 and at all times thereafter, petitioners upon the execution of the oil bonus agreement in 1951 received income in the form of the equivalent of cash in the amount of the then fair market value of such agreements which value we find to be *125 in at least the total amount of $487,647.46 as determined by respondent. Decisions will be entered under Rule 50. Footnotes
1. The following proceedings are consolidated herewith: FRANK COWDEN, JR., and JUNE COWDEN, Docket No. 59238; COURTNEY COWDEN, Docket No. 59239; ELIZABETH ANN COWDEN WALTER, Docket No. 59326; and COURTNEY COWDEN and MARGARET P. COWDEN, Docket No. 60001.↩
8. Computed by the Commissioner by discounting the obligations at a 4 per cent rate.↩